IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

REHAB ELDEEB, as trustee for the next of )
kin of FAHMY ELDEEB, deceased, )
                                                                     )
            Plaintiff, )
                                                                   )
      v.     )  No. 18-cv-01128-DSD-TNL
                                                                  )
DELTA AIR LINES, INC., a corporation, )
and SOCIÉTÉ AIR FRANCE, S.A. d/b/a )
AIR FRANCE, a corporation, )
                                                                  )
           Defendants. )

**AMENDED COMPLAINT**

REHAB ELDEEB, as trustee for the next kin of FAHMY ELDEEB, deceased, through her undersigned attorneys, for her Complaint against defendants DELTA AIR LINES, INC. and SOCIÉTÉ AIR FRANCE, S.A. d/b/a AIR FRANCE, states as follows:

**COUNT I**

1. Plaintiff Rehab Eldeeb is the personal representative of the heirs of Fahmy Eldeeb, deceased. Plaintiff is a citizen and resident of the United States. Plaintiff's decedent was a citizen and resident of the United States.

2. Defendant Delta Air Lines, Inc. ("Delta") is an air carrier which, upon information and belief, has its principal place of business in Atlanta, Georgia. Defendant Société Air France d/b/a Air France ("Air France"), upon information and belief, has its principal place of business in France.

3. Plaintiff's decedent, Fahmy Eldeeb, was injured and died as the proximate result of an accident in the course of international carriage by air by defendants Delta and Air France on May 11, 2016. Plaintiff's claim against defendants Delta and Air France arises under the Convention For the Unification of Certain Rules For International Carriage By Air, known as the Montreal

Convention. This Court therefore has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

4. Pursuant to Art. 33 of The Montreal Convention, The United States is a proper jurisdiction in which to bring this action against defendants Delta and Air France under the Montreal Convention as plaintiff's decedent was domiciled in the United States; plaintiff's decedent purchased his ticket for the accident flight in the United States; and the ultimate destination of plaintiff's decedent's round trip was the United States. Further, defendants Delta and Air France operate flights to and from numerous airports the United States and, as such, do business in the United States.

5. Venue is proper in this District under 28 U.S.C. § 1391.

6. Prior to May 10, 2016, plaintiff's decedent had booked itinerary for a round trip from Minneapolis, Minnesota to Cairo, Egypt through defendant Delta and had requested wheelchair assistance to disembark the aircraft and transport to the gate of the connecting flight.

7. On May 10, 2016 plaintiff's decedent was a passenger onboard an aircraft being operated on that date by defendant Air France as Flight 673, an international flight from Minneapolis, Minnesota to Paris, France and was scheduled to be a passenger on board Air France Flight 508 from Paris, France to Cairo, Egypt as part of the roundtrip itinerary booked through defendant Delta.

8. Upon arriving at Charles de Gaulle Airport in Paris, France, plaintiff's decedent was denied wheelchair assistance to disembark the aircraft being operated by defendant Air France. Eventually, plaintiff's decedent was removed from the aircraft by wheelchair and placed in the seating area at the arrival gate. Plaintiff's decedent waited for wheelchair assistance at the arrival

gate to transport him to the connecting flight. Plaintiff's decedent was again denied the previously requested wheelchair assistance.

9. As a result of the lack of wheelchair assistance, plaintiff's decedent was left immobile in the gate seating area. Unable to transport to the connecting flight, plaintiff's decedent missed his flight and was seated immobilized in the gate seating area for approximately 12 hours. The inability to mobilize resulted in rapid deterioration of plaintiff's decedent's already weakened physical and mental condition. Upon eventually arriving in Cairo, Egypt, plaintiff's decedent was informed that his luggage was not available. Plaintiff's decedent was without his necessary medication while his luggage was in transit to Cairo, Egypt. The inability to take his medication resulted in rapid deterioration of plaintiff's decedent's already weakened physical and mental condition. Plaintiff's decedent thereafter died on June 4, 2016 as a result of complications of medical condition worsened by the events on May 10, 2016.

10. Plaintiff was later informed that plaintiff's decedent did not receive the assistance that he was entitled to at Charles de Gaulle Airport in Paris, France because of a strike by its wheelchair vendor. Plaintiff's decedent was never informed by contracting carrier Delta or actual carrier Air France prior to plaintiff's decedent's flight that the requested wheelchair assistance may not or would not be available at Charles de Gaulle Airport in Paris, France. Defendants Delta and Air France failed to warn plaintiff's decedent of any possibility that wheelchair assistance would not be provided as requested.

11. Defendants Delta and Air France negligently failed to take all necessary measures to prevent the injuries to, and death of, plaintiff's decedent, as set forth above, in violation of the International Air Transport Association (IATA) Airport Handling Manual and the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705 and plaintiff's decedent was injured and caused to expire

as the direct and proximate result of the above-described negligent acts and/or omissions of defendants Delta and Air France.

12. The lack of wheelchair assistance which proximately caused plaintiff's decedent's injuries and death was an unexpected or unusual event or happening external to the passenger and therefore an accident under the Montreal Convention.

13. Defendants Delta and Air France are strictly liable for the injuries to and death of plaintiff's decedent in the course of his international carriage by air under the terms of the Montreal Convention.

14. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff's decedent's spouse and children, for whose benefit this action is brought.

15. Plaintiff and the other heirs and next of kin of plaintiff's decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

16. As a direct and proximate result of one or more of the above-described negligent acts and/or omissions of defendants Delta and Air France, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering prior to his death, and property damage.

17. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff prays for the entry of a judgment in her favor and against defendants Delta Air Lines, Inc. and Société Air France d/b/a Air France for an amount in excess of the

minimum jurisdictional amount of this Court, together with cost and such other damages as may be allowed by law.

    PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: June 4, 2018

s/Alexandra M. Wisner
Alexandra M. Wisner (IL Bar #6317572)
Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois 60134
(630) 262-9434
(630) 262-1066 (fax)
awisner@wisner-law.com

s/Kristina Lund Alcántara
Kristina Lund Alcántara (#0388048)
Robert A. Correia (#0397291)
Robichaud & Alcántara, P.A.
1601 Hennepin Avenue
Suite 200
Minneapolis, Minnesota 55403
(612) 333-3343
(612) 332-8166 (Fax)
kristina@robichaudlaw.com
robert@robichaudlaw.com

*Attorneys for Plaintiff Rehab Eldeeb, as trustee for the next of kin of Fahmy Eldeeb, deceased*