## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

REHAB ELDEEB, as trustee for the next of kin
of FAHMY ELDEEB, deceased,

                Plaintiff,

    – against –

DELTA AIR LINES, INC., a corporation,  and
SOCIÉTÉ AIR FRANCE, S.A. d/b/a AIR
FRANCE, a corporation,

                Defendants.

Civil Action No. 18-01128-DSD-
TNL

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANTS' JOINT MOTION TO DISMISS

## Table of Contents

**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT .........................................................................................................3

I.     THE CASE IS MORE CONVENIENTLY LITIGATED IN FRANCE AND
SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS ...................3

   A.    The Cour de Cassation Decision Does Not Render France Unavailable.......................3

   B.    Plaintiff's Choice Of Forum Is Entitled To Little Deference Where, As Here,
There Is No Connection To The U.S. ..........................................................5

   C.    Naming A Domestic Airline Who Had Nothing To Do With This Litigation
Cannot Anchor The Case To The United States.............................................7

   D.    The Overwhelming Majority Of Evidence Is Located Abroad .......................8

   E.    Plaintiff's Argument On Public Interest Factors Centers On A Violation Of An
Inapplicable Statute..................................................................................9

   F.    Plaintiff Does Not Mention, Let Alone Distinguish Case Law Favoring Dismissal.....10

II.     ADP IS UNQUESTIONABLY A NECESSARY PARTY UNDER RULE 19................11

III.    PLAINTIFF FAILS TO REFUTE CRITICAL DEFICIENCIES IN HER
PLEADING, AND IT MUST BE DISMISSED................................................12

   A.    Plaintiff's Opposition Fails To Articulate A "Bodily Injury" .......................12

   B.    Plaintiff Does Not Dispute That Article 19, Not Article 17, Should Apply.................14

   C.    Plaintiff Does Not Oppose The Dismissal Of Any Baggage Claim.............................15

CONCLUSION......................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 14

*Cook v. Champion Shipping AS*,
  463 Fed. Appx. 626 (9th Cir. 2011) .......................................................................... 6

*Cush v. BWI Intern. Airways, Ltd.*,
  175 F. Supp. 2d 483 (E.D.N.Y. 2001) ..................................................................... 14

*Delgado v. Delta Air Lines, Inc.*,
  43 F. Supp. 3d 1261 (S.D. Fla. 2013) .................................................................... 4, 5

*Dochak v. Polskie Linie Lotnicze LOT S.A.*,
  189 F. Supp. 3d ........................................................................................................ 12

*El Al Israel, Ltd. v. Tsui Yuan Tseng*,
  525 U.S. 155 (1999) ................................................................................................ 14

*Galbert v. West Caribbean Airways*,
  715 F.3d 1290 (11th Cir. 2013) ............................................................................. 3, 4

*Ibarra v. Orica U.S.A. Inc.*,
  493 Fed. Appx. 489 (5th Cir. 2012) .......................................................................... 6

*Love v. Delta Air Lines*,
  310 F.3d 1347 (11th Cir. 2002) ................................................................................. 9

*Loya v. Starwood Hotels & Resorts World-Wide, Inc.*,
  583 F.3d 656 (9th Cir. 2009) .................................................................................. 6, 7

*Magnin v. Teledyne Continental Motors*,
  91 F.3d 1424 (11th Cir. 1996) ................................................................................... 9

*Maxwell v. Aer Lingus Ltd.*,
  122 F. Supp. 2d 210 (D. Mass 2000) ...................................................................... 14

*Naqvi v. Turkish Airlines, Inc.*,
  80 F. Supp. 3d 234 (D.D.C. 2015) ........................................................................... 13

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)........................................................................................5

*Polanco v. HB Fuller Co.*,
    941 F. Supp. 1512 .......................................................................................8

*Reers v. Deutsche Bahn AG*,
    320 F. Supp. 2d. 140 (S.D.N.Y. 2004)........................................................6

*Shotz v. Am. Airlines, Inc.*,
    323 F. Supp. 2d 1315 (S.D. Fla. 2004), *aff'd*, 420 F.3d 1332 (11th Cir. 2005) ........................9

*Tazoe v. Airbus S.A.S.*,
    631 F.3d. 1321 (11th Cir. 2011) .................................................................6

*Warrick v. Carnival Corp.*,
    No. 12-cv-61389, 2013 WL 3333358 (S.D. Fla. Feb. 4, 2013) ........................5, 7, 8

*In re West Caribbean Airways*,
    No. 06-cv-22748, 2012 WL 1884684 (S.D. Fla. May 16, 2012)............................3, 4

*In re West Caribbean Airways, S.A.*,
    619 F. Supp. 2d 1299 (S.D. Fla. 2009), *aff'd, Pierre-Louis, et al. v. Newvac
    Corp,. et al.*, 584 F.3d 1052 (11th Cir. 2009) ...........................................3

**Statutes**

Air Carrier Access Act, 49 U.S.C. § 41705 ........................................................9

Convention for the Unification of Certain Rules for the International Carriage by
    Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty
    Doc. No. 106-45, 1999 WL 33292734S. Treaty Doc. No. 106-45 ................................ *passim*

Fed. Rule Civ. P. 19 .......................................................................................11

Regulation (EC) No 1107/2006 of the European Parliament and of the Council of
    5 July 2016 concerning the rights of disabled persons and persons with
    reduced mobility when travelling by air ........................................................ *passim*

Defendants Delta Air Lines, Inc. ("Delta") and Société Air France ("Air France") respectfully submit this reply memorandum in further support of their motion to dismiss the Complaint.

## INTRODUCTION

This is a case of liability of two French entities—ADP and Passerelle—who are not parties to this action, cannot be made parties to this action, and otherwise cannot be made liability unless this matter is dismissed and refiled in France.  It is these parties who allegedly violated a European Union regulation by failing to provide a wheelchair—not Defendants.  Defendants have shown that France is demonstrably a more convenient forum for this type of litigation than anywhere else.  Retaining the case in Minnesota virtually guarantees a less complete evidentiary record than can be developed and presented in France.  Plaintiff mistakenly contends that France is not available because of an erroneous French court decision; and Plaintiff misinterprets the decision to apply to this case. Plaintiff's claims arise from events that occurred wholly in Paris, France: the alleged failure to provide a wheelchair and subsequent delay occurring at Charles de Gaulle airport, where Decedent had traveled to on a French airline and where his alleged injuries occurred.  Any eyewitnesses to the event are in France, and most importantly, the *only* parties responsible for the alleged negligence (i.e., failure to provide wheelchair and subsequent delay) are in France: ADP and Passerelle.

Despite these uncontested facts, including the failure to name the only two parties responsible, Plaintiff still characterizes this case as "American plaintiff" versus an "American defendant."  Despite Plaintiff's efforts to author a different version of the past,

Air France, not Delta, operated the flight to France where Decedent encountered the wheelchair delay.   Delta's sole involvement is that Plaintiff allegedly purchased the Decedent's tickets from it.   Defendants should not be penalized for Plaintiff's tactical choice to name a U.S. Defendant with no connection whatsoever to the incident, simply to anchor this case to the U.S. when the largest portion by far of liability evidence is located in France and the entire incident occurred in France.   Plaintiffs are trying to get the "best of both worlds" – a foreign party's participation in a litigation involving an issue on foreign soil, and a domestic judgment.   Given these facts, the action should be dismissed on *forum non conveniens* grounds because it is more appropriately brought in France.

Additionally, it is self-evident that both ADP and Passerelle are necessary and indispensable parties to this litigation.   Plaintiff attempts to minimize their involvement by claiming the Montreal Convention renders Defendants strictly liable despite who caused the harm.   Plaintiff, again, is wrong.   Under the Montreal Convention the burden is on Plaintiff to prove liability: if an "accident" or delay, as the case may be, was caused wholly by a third-party with legal responsibility, then Plaintiff will not be able to meet her burden. In fact, Plaintiff fails to even properly state a cause of action under the Montreal Convention, and under these facts, simply cannot.

## ARGUMENT

## I. THE CASE IS MORE CONVENIENTLY LITIGATED IN FRANCE AND SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS

### A. The Cour de Cassation Decision Does Not Render France Unavailable

Plaintiff's suggestion that a 2011 French court decision renders France unavailable runs contrary to U.S. precedent. Tellingly, Plaintiff omits any reference to the tortured history that brought the case to the French high court and the corresponding *Newvac* and *Galbert* decisions that address the French court decision.

First, the French court decision stems from the dismissal of claims filed in the Southern District of Florida arising from the crash of West Caribbean Airways Flight 708 in the mountains of Venezuela in favor of Martinique. *See In re West Caribbean Airways, S.A.*, 619 F. Supp. 2d 1299 (S.D. Fla. 2009), *aff'd, Pierre-Louis, et al. v. Newvac Corp,. et al.*, 584 F.3d 1052 (11th Cir. 2009). Following dismissal, plaintiffs did not simply re-file their action in Martinique, as instructed. Instead, plaintiffs sought a declaration from the French court that Martinique lacked jurisdiction based on their prior selection of the United States. *See In re West Caribbean Airways*, No. 06-cv-22748, 2012 WL 1884684, at *5 (S.D. Fla. May 16, 2012). In the French proceedings, plaintiffs misrepresented the status of the U.S. proceedings and argued that they were still "entitled to litigate in America." *See id.* Based on a critical misrepresentation to the French court, plaintiffs ultimately obtained a declaration of the "*current* unavailability of the French venue." *See id.* (emphasis added). This ruling by the French court appears limited to the case before it and

is no way a referendum on the interplay between the Montreal Convention and the doctrine of *forum non conveniens*.

As expected, plaintiffs tried to use the French court decision to re-open their U.S. litigation. Plaintiffs were denied by the district court (*see In re West Caribbean Airways*, 2012 WL 1884684, at *6-8) and subsequently by the Eleventh Circuit. *See Galbert v. West Caribbean Airways*, 715 F.3d 1290 (11th Cir. 2013). The district court distinguished and discounted the impact of the French court decision on the *forum non conveniens* analysis because of its self-limiting language and because of the circumstances in which the opinion was sought. *In re West Caribbean Airways*, 2012 WL 1884684, at *5-6.

Additionally, the Southern District of Florida held "[w]here a *forum non conveniens* dismissal is concerned, American courts do not blindly accept the jurisdictional rulings or laws of foreign jurisdictions that purport to render their *forum* unavailable." *See id.* at *8. The French court's decision, at best, is akin to a blocking statute or other statutory schemes implemented to thwart a U.S. court's application of *forum non conveniens*. U.S. courts do not recognize such statutes; the French court's decision shouldn't be recognized either.

Plaintiff can point to no case—domestic or foreign—that gives any teeth the French court's decision. Instead, Plaintiff relies exclusively on *Delgado v. Delta Air Lines, Inc.*, 43 F. Supp. 3d 1261 (S.D. Fla. 2013) and misrepresents its holding. Contrary to Plaintiff's contention, the *Delgado* court *agreed* with the Eleventh Circuit that the French court decision did not change the *forum non conveniens* analysis. *See id.* at 1265. The court expressly found "the doctrine of *forum non conveniens* to be applicable" and France to be

an adequate alternative forum.  *Id.*  The court simply denied the *forum non conveniens* motion on other grounds, including that the parties had already completed discovery.

Not only does Plaintiff not reference a single citation for her overreaching read of the French court's decision, but she also provides no opinion from a French law expert to support her erroneous interpretation.  Defendants rely on the world-renowned French aviation attorney, Mme Maylis Casati-Ollier, who specifically opined that the French courts would be available to Plaintiff.  Plaintiff does not provide any evidence to the contrary.  As every single U.S. court to decide the issue has previously held, France is an adequate alternative forum.

### B.   Plaintiff's Choice Of Forum Is Entitled To Little Deference Where, As Here, There Is No Connection To The U.S.

Plaintiff has no absolute right to bring suit in a U.S. court, and the courts are not required to honor a plaintiff's choice of forum.  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n. 23 (1981).  Plaintiff would have this Court conclude that this Circuit imposes an impossible burden on Defendants to prevail on a *forum non conveniens* motion.  But the reality is that defendants often meet this burden.  *See, e.g., Piper*, 454 U.S. 253 (quoted by Plaintiffs for the articulation of the high standard, but affirming dismissal on *forum non conveniens* grounds).  Indeed, many cases articulate a high standard but dismiss on *forum non conveniens* grounds anyway. *See, e.g., Goldstein*, 2013 WL 2150860, at *1 (noting high standard and dismissing); *Warrick v. Carnival Corp.*, No. 12-cv-61389, 2013 WL 3333358, at *3 (S.D. Fla. Feb. 4, 2013) (same).

Numerous Circuit Courts have dismissed cases brought by U.S. plaintiffs where the incident occurred abroad. *See, e.g., Goldstein v. Hard Rock Café Intern. (USA), Inc.*, 529 Fed. Apx. 653, 655 (11th Cir. 2013) (affirming dismissal of U.S. plaintiff's personal injury claims arising out of a slip on a walkway in Dominican Republic); *Tazoe v. Airbus S.A.S.*, 631 F.3d. 1321, 1335 (11th Cir. 2011) (affirming dismissal of claims from air crash in Brazil, including claims of U.S. plaintiffs); *Aldana*, 578 F.3d at 1293-94 (11th Cir. 2009) (affirming dismissal to Guatemala); *Cook v. Champion Shipping AS*, 463 Fed. Appx. 626 (9th Cir. 2011) (affirming dismissal of U.S. plaintiff's personal injury claims arising from in a vessel collision in the waters of Taiwan); *Loya v. Starwood Hotels & Resorts World-Wide, Inc.*, 583 F.3d 656 (9th Cir. 2009) (affirming dismissal of U.S. widow's wrongful death claims resulting from a scuba diving accident off the coast of Mexico).[1]

Because Plaintiff is simply representing the estate of Decedent and is not suing in her individual capacity, her choice of forum should be afforded even less deference. It is undisputed that purpose of Decedent's travel was—"to fly home to live out his last days." *See* Passeri Decl. (Dkt. Entry No. 23) at p. 7. Seeking a greater connection to the U.S., and in direct contradiction to Plaintiff's own publicly-filed complaint with the DOT, Plaintiff changes tack and claims that it was possible that Decedent would come back to the U.S. This blatant forum shopping should not be tolerated.

---

[1] *See also Ibarra v. Orica U.S.A. Inc.,* 493 Fed. Appx. 489 (5th Cir. 2012) (affirming dismissal of American plaintiffs' personal injury and wrongful death claims arising from explosion in Mexico); *Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d. 140, 161-162 (S.D.N.Y. 2004) (dismissing wrongful death case brought by American plaintiffs on behalf of American passengers who were killed in a train accident in France).

**C.**     **Naming A Domestic Airline Who Had Nothing To Do With This Litigation Cannot Anchor The Case To The United States**

Plaintiff's suggestion that the presence of a U.S. defendant further precludes dismissal is likewise unpersuasive.  Plaintiff's choice to name Delta, as opposed to Air France, was nothing more than ham-handed attempt to avoid a *forum non conveniens* dismissal.  Delta provided the tickets to Decedent, but Air France provided the actual transportation.  The incident occurred following deplaning from an Air France flight and it is Air France whose procedures are at issue in this litigation, not Delta's.  There is no dispute that decedent requested a wheelchair and Air France passed along his request to ADP.  *See* Casati-Ollier Decl. (Dkt. Entry No. 22), ¶ 14, Ex. A.  Delta simply has no relevant documents and its procedures are not at issue

Nevertheless, courts have dismissed cases involving both an American plaintiff and defendant.  In *Loya, 5*83 F.3d at 665, for example, the Ninth Circuit affirmed dismissal of an action brought against the American parent company of a Mexican hotel by the American widow of a Washington resident who died while scuba diving off the coast of Mexico.  The plaintiff's residency and choice of forum were overcome by the evidence located in the foreign forum, that numerous other witnesses were in Mexico, that the accident was investigated in Mexico, and that foreign law would apply to the action.  *Id.* at 664-65.  Likewise in *Warrick*, a Florida district court dismissed a case brought by U.S. plaintiffs on *forum non conveniens* grounds even though defendant Carnival Corp. has its principal place of business in Florida and plaintiffs' cruise tickets were sold to them by a U.S. ticket agency.  2013 WL 3333358, at *11.  As in *Loya* and *Warrick*, the presence of

7

both American plaintiffs and an American defendant should not preclude dismissal. This is especially true where there is a French Defendant as well, and two French parties who are responsible and who Plaintiff chose not to name.

### D.   The Overwhelming Majority Of Evidence Is Located Abroad

Contrary to Plaintiff's contention there is relatively little evidence located in the U.S. In fact, Plaintiff can point to only three things: the DOT investigation, Decedent's treating physicians (prior to the incident), and information regarding whether the wheelchair was requested. None of these are persuasive. First, Plaintiff attached the entire DOT to her opposition brief: a letter from Plaintiff, a response from Air France, and a letter from DOT advising of its decision. There is no "investigation" as such, and additional information to be exchanged. Second, Decedent's pre-incident medical treatment is largely irrelevant. Plaintiff admitted that Decedent was "flying home to live out his last days." *See* Passeri Decl. (Dkt. Entry No. 23) at p. 7. Decedent's pre-incident condition is clear: he was in the final stages of terminal pancreatic cancer. *See id*. Lastly, there is no dispute that Defendants, specifically Air France, notified ADP of the need for a wheelchair for Decedent. *See* Casati-Ollier Decl. (Dkt. Entry No. 22), ¶ 14, Ex. A (attaching notification sent by Air France to ADP). Evidence of that notification would be in France, in any event.

All liability evidence is in France where the alleged failure to provide a wheelchair and subsequent delay occurred and where the two, unnamed parties culpable for such alleged failures are located. Defendants will be severely prejudiced if made to litigate without ADP and Passerelle. *See Polanco v. HB Fuller Co.*, 941 F. Supp. 1512, 1528

(citing *Piper* and noting the "substantial prejudice to defendant" if unable to implead other manufacturers as co-defendants).

Any additional third-party witnesses are located in France. To the extent any testimony from Air France inflight crewmembers or gate agents is necessary, they too are located in France. There is simply no evidence related to liability—the critical factor—in the U.S. Damages evidence is also abroad. *See Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1429-30 (11th Cir. 1996) (district court did not abuse its discretion in dismissing case where key witnesses and evidence were located in France).

### E.      Plaintiff's Argument On Public Interest Factors Centers On A Violation Of An Inapplicable Statute

Plaintiff urges the Court to keep a case in the U.S. that is otherwise centered in France because Air France violated the Air Carrier Access Act (ACAA). Plaintiff suggests that a violation of the ACAA is automatic recovery under the Montreal Convention. This is simply not the case. Plaintiff does not and cannot  point to a single court decision to support this theory. To the contrary, the ACAA does *not* allow a private right of action and, in any event, Plaintiff did not plead for relief under the ACAA. *See Shotz v. Am. Airlines, Inc.*, 323 F. Supp. 2d 1315, 1316 (S.D. Fla. 2004), *aff'd*, 420 F.3d 1332 (11th Cir. 2005) ("Congress did not intend to create a private right of action in a federal district court to vindicate the [ACAA]"); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) (collecting cases stating the same). Any interest that the U.S. had in a violation of the ACAA was discharged with the complaint filed before the DOT.

Instead, the Montreal Convention governs Plaintiff's claim.  Under the Convention, Plaintiff bears the burden to prove liability against Defendants.  The rules and regulations imposed on a French airline, such as European Union Regulation (EC) No. 1107/2006, are relevant to the Court's analysis.  Contrary to Plaintiff's suggestion, U.S. law does not follow a U.S. citizen around the world.  Decedent booked a ticket on a French carrier with a stop in France and then experienced an issue in France.  It is axiomatic that French law would not inform the liability analysis.[2]  France has an obvious interest in deciding an issue of liability against a French airline, especially given the liability of two French unnamed companies and the application of a European regulation to a French corporations for an alleged tort that occurred in France.

F.    **Plaintiff Does Not Mention, Let Alone Distinguish Case Law Favoring Dismissal**

Plaintiff's opposition does not mention *Khan v. Delta Airlines, Inc.*, which is on all fours with this one.  No. 10-cv-2080, 2010 WL 3210717 (E.D.N.Y. Aug. 12, 2010).  In *Khan*, the district court dismissed a case on *forum non conveniens* grounds on nearly identical facts, i.e., plaintiff alleged a Montreal Convention claim against a U.S. airline for insufficient wheelchair services provided in Toronto, Canada.  *See id*. at *7.  The district court recognized that the actual dispute over the failure of the wheelchair to arrive and subsequent harm occurred in Canada, where, like France, the airline is not responsible for

---

[2] Plaintiff appears to concede that Delta, as the ticketing carrier, was in no way liable.  Plaintiff should accordingly discontinue the claims against Delta.

wheelchair services.  *See id*.  The responsible parties and its employees, as well as many of the witnesses, could not be compelled to appear outside of Canada.

Like *Khan* the inability of this Court to secure the attendance of the entities actually responsible for the alleged harm (ADP and Passerelle), as well as key witnesses and documents, materially impairs the Defendants' ability to have a fair trial and, thus, underscores the need for dismissal in favor of France.

## II.    ADP IS UNQUESTIONABLY A NECESSARY PARTY UNDER RULE 19

Plaintiff cannot refute that the Amended Complaint centers around the negligence of the entity who assisted, or in this case, allegedly failed to assist Decedent with his connecting flight in Paris, France.  This entity, ADP, is a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

The only argument Plaintiff offered in opposition to application of Rule 19—that the Court can simply decide liability under the Montreal Convention—is wholly unsupported in law and misses the mark.  ADP is unquestionably the party responsible for transporting passengers with reduced mobility pursuant to Regulation (EC) No. 1107/2006 of the European Parliament and of the Council of 5 July 2006 concerning the rights of disabled persons and persons with reduced mobility when travelling by air.  *See* Casati-Ollier Declaration at ¶ 13.  The Regulation separately enumerates an airline's duties to passengers with mobility needs, and it *does not include* assistance in embarking or disembarking from flights or moving about within the airport. *See id.* at Annex II.  With this liability scheme, it would be extremely prejudicial for Defendant airlines to be responsible for something for which they bear no legal responsibility.  That Plaintiff had

11

no communication with ADP is immaterial.  The fact is, ADP is responsible and needs to be made a party to this litigation—if not in the U.S., then in France.

It is quite common for European passenger protection regulations to apply in tandem with the Montreal Convention.  For example, U.S. plaintiffs routinely argue that European Regulation No. 261—a regulation designed at compensating passengers for delays—applies, notwithstanding the Montreal Convention's applicability.  *See, e.g*., *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d. 798 (N.D. Ill. 2016) (plaintiffs asserted claims for both violations of EU 261 and violations of the Montreal Convention).  Plaintiff is not left without a remedy under Regulation (EC) No. 1107/2006—instead, the remedy is simply against another party, ADP.

Defendants' liability should not be scrutinized under the Montreal Convention unless ADP is a party and can take the necessary fault for failing to provide a wheelchair.

## III.    PLAINTIFF FAILS TO REFUTE CRITICAL DEFICIENCIES IN HER PLEADING, AND IT MUST BE DISMISSED

Plaintiff does not sufficiently state a claim for relief against Defendants and, even if afforded an opportunity to replead, cannot do so.

### A.    Plaintiff's Opposition Fails To Articulate A "Bodily Injury"

First, with respect to Article 17, Plaintiff's opposition fails to address one fatal flaw: no palpable "bodily injury" was or can be alleged.  The Amended Complaint asserts that, as a result of lack of wheelchair assistance, Decedent "missed his [connecting] flight" and "was seated immobilized in the gate seating area for approximately 12 hours."  *See* Dkt. Entry No. 7, ¶ 9.  The allegation that the immobilization "resulted in rapid deterioration of

12

[Decedent's] already weakened physical and mental condition" is nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" and falls patently short of stating a claim for a "bodily injury" or "death" under Article 17. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 578 (2007)) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations omitted).

Moreover, the alleged stress of a delay, without more, is not a bodily injury. In *Vumbaca v. Terminal One Group Ass'n L.P.*, for example, the district court similarly dismissed a passenger's claims arising from a 7-hour delay that caused plaintiff to be "nauseas" and "physically exhausted for several days, which interfered with my normal activities." 859 F. Supp. 2d 343, 359 (E.D.N.Y. 2012). The court ultimately found that "Plaintiff suffered no impact injuries or physical manifestations of distress … [t]he sensations she described in her complaint—hunger, thirst, headache, nausea, and discomfort—are not compensable." *See id.* at 365. Like *Vumbaca*, Plaintiff will not be able to assert any claim for anything more than frustration and discomfort, which is not compensable under the treaty. *See also Naqvi v. Turkish Airlines, Inc.*, 80 F. Supp. 3d 234 (D.D.C. 2015) (dismissing claims of physical manifestations of stress due to incident onboard the aircraft for failing to meet "bodily injury" requirement).

Contrary to Plaintiff's assertion, dismissal with prejudice is appropriate here because under no set of facts can Plaintiff assert that Decedent, a wheelchair-bound individual suffering from terminal pancreatic cancer, being left "immobilized" in a seat at a gate with

13

his wife caused any "bodily injury."  To suggest that the delay and inconvenience during the transfer in Paris led to accelerated cancer growth is a claim divorced from all scientific reality.  Plaintiff does not suggest even a hypothetical scenario in which a 12 hour delay (nine hours longer than expected) could serve as the proximate cause of a death by terminal cancer some 26 days later.  *See Twombly*, 550 U.S. at 570 (dismissal is proper where the complaint fails to allege facts stating "a claim to relief that is plausible on its face"); *see also Cush v. BWI Intern. Airways, Ltd.*, 175 F. Supp. 2d 483, 487 (E.D.N.Y. 2001) (finding uninterrupted connection between the alleged event and the injury is required).

Moreover, Plaintiff seems to ignore that she has the burden of showing that the failure to provide a wheelchair constitutes an "accident" under Article 17(1).  *See El Al Israel, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 162 (1999).  There is no question that Defendants notified ADP for the need for wheelchair assistance.  *See* Casati-Ollier Decl. (Dkt. Entry No. 22), ¶ 14, Ex. A.  ADP's alleged failure to provide a wheelchair does not constitute an "accident" attributable to either Defendant.  In "cases in which the accident has no relationship to the operation of the aircraft … liability is almost never found." *Maxwell v. Aer Lingus Ltd.*, 122 F. Supp. 2d 210, 212 (D. Mass 2000).  Plaintiff does not cite to a single case of failure to provide a wheelchair and subsequent harm as a result of a delay in the gate area.  Instead, all of her cases involve alleged accidents that occurred onboard the aircraft.  These are obviously distinguishable.

## B.      <u>Plaintiff Does Not Dispute That Article 19, Not Article 17, Should Apply</u>

Lastly, Plaintiff does not refute that the gravamen of Plaintiff's claim against Defendants is the alleged 12-hour delay experienced by Decedent at CDG while awaiting

14

his connecting flight.   Article 19 intended to cover this exact scenario—*i.e.*, delay in transport.   As set forth in Defendants' moving papers, because Decedent suffered no physical impact injuries, the claim for relief sounds in Article 19, not Article 17.   *See* MC, Art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.").

### C.   Plaintiff Does Not Oppose The Dismissal Of Any Baggage Claim

Plaintiff also does not oppose Defendants' argument that she failed to state a cause of action for delayed baggage under the Montreal Convention.   For the this reason, and the reasons provided in Defendants' moving papers, this claim should be barred.

### CONCLUSION

Defendants Delta Air Lines, Inc. and Société Air France respectfully request that this Court enter an order dismissing the Amended Complaint on *forum non conveniens* grounds, or alternatively, dismissing the Amended Complaint for failure to join a necessary party and for failure to state a claim upon which relief may be granted.

Dated:  November 15, 2018.                        **GRAY, PLANT, MOOTY,**
                                                                  **MOOTY & BENNETT, P.A.**

                                                      By:___/s/ Julia Dayton Klein_____
                                                              Charles K. Maier (MN #230315)
                                                              Julia Dayton Klein (MN #319181)
                                                              Raymond J. Konz (MN #391236)
                                                              Molly R. Littman (MN #398449)
                                                      500 IDS Center
                                                      80 South Eighth Street
                                                      Minneapolis, Minnesota 55402
                                                      (612) 632-3000 Telephone
                                                      (612) 632-4016 Facsimile
                                                      Charles.Maier@gpmlaw.com
                                                      Julia.DaytonKlein@gpmlaw.com

Raymond.Konz@gpmlaw.com
Molly.Littman@gpmlaw.com

**HOLLAND & KNIGHT, LLP**

Sarah G. Passeri
Christopher G. Kelly
*Pro Hac Vice* Pending
Holland & Knight, LLP
31 West 52nd Street, 12th Floor
New York. NY   10019
Telephone: (212) 513-3200
Email: Sarah.Passeri@hklaw.com
Email. Christopher.Kelly@hklaw.com

**ATTORNEYS FOR DEFENDANTS
DELTA AIR LINES, INC. AND
SOCIETE AIR FRANCE**

GP:4849-9524-3643 v1

16