UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-1128 (DSD/TNL)

Rehab Eldeeb, as trustee for
the next of kin of Fahmy Eldeeb,
deceased,

        Plaintiff,

v.

                                **ORDER**

Delta Air Lines, Inc., a
corporation, and Societe
Air France, S.A. d/b/a
Air France, a corporation,

        Defendants.

> Alexandra M. Wisner, Esq. and Wisner Law Firm, P.C., 514 W. State Street, Suite 200, Geneva, IL 60134, counsel for plaintiff.
>
> Sarah G. Passeri, Esq. and Holland & Knight, 31 West 52nd Street, New York, NY 10019, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Delta Air Lines, Inc. and Société Air France, S.A. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion on the basis of forum non conveniens.

**BACKGROUND**

This Montreal Convention dispute arises out of injuries sustained by decedent Fahmy Eldeeb as he traveled from Minnesota to Egypt.[1] Mr. Eldeeb had pancreatic cancer and was traveling home

---

[1] The Montreal Convention governs claims related to injury or
(continued...)

with his wife to "live out his last days." Passeri Dec. Ex. A at 4. Mr. Eldeeb purchased the ticket from Minneapolis to Cairo through Delta. Am. Compl. ¶ 6. The flight included a layover in Paris, France. Id. ¶ 7. When he booked the tickets, Mr. Eldeeb requested a wheelchair to assist him in disembarking the plane in Paris and transporting him to the gate of the connecting flight. Id.

On May 10, 2016, Mr. Eldeeb departed Minneapolis on Air France flight 673.[2] Id. ¶ 7. When he arrived at Charles de Gaulle Airport in Paris, he was initially denied the use of a wheelchair. Id. ¶ 8. He was eventually provided wheelchair assistance which enabled him to disembark the airplane, but he was left in the seating area of the arrival gate rather than taken to the gate for his connecting flight to Cairo. Id. He remained at the arrival gate for approximately twelve hours and missed the connecting flight to Cairo. Id. ¶¶ 8-9. At some point thereafter, Mr. Eldeeb received assistance and was re-booked on a later flight to Cairo. Id. ¶ 9. When he arrived in Cairo, he learned that his luggage, which contained his medications, had not yet arrived. Id. He received his luggage one week later. Eldeeb Aff. ¶ 15.

---

(...continued)
death during international air carriage.

[2] Although Delta was the booking airline, Air France operated the flight.

On June 4, 2016, Mr. Eldeeb died in Egypt of complications related to pancreatic cancer. Am. Compl. ¶ 9. According to plaintiff Rehab Eldeeb, trustee for the next of kin of Mr. Eldeeb, Mr. Eldeeb's death was hastened by the events at the Charles de Gaulle airport. Id. After Mr. Eldeeb's death, plaintiff learned that he was denied wheelchair access because the wheelchair vendor at the airport, Passerelle, was on strike.[3] Id. ¶ 10; Casati-Ollier Decl. ¶¶ 13, Plaintiff commenced this action on April 26, 2018, alleging that the lack of wheelchair assistance proximately caused Mr. Eldeeb's injuries and death and that defendants are strictly liable under the Montreal Convention. Plaintiff filed an amended complaint on June 4, 2018. Defendants now move to dismiss on the basis of forum non conveniens, failure to join indispensable parties under Fed. R. Civ. P. 19, and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**DISCUSSION**

Defendants first and foremost argue that this case should be dismissed on the principle of forum non conveniens because the case turns on events occurring solely in France and involves French

---

[3] The Aéroports de Paris (ADP) manages Charles de Gaulle airport and is responsible for providing wheelchair assistance to passengers. Casati-Ollier Decl. ¶ 13. ADP subcontracted with Passerelle, a private company, to carry out those responsibilities. Id. ¶ 16. Neither entity is named in this action.

3

parties (ADP and Passerelle) that are not subject to the court's jurisdiction or subpoena power. Defendants note that the only connections to Minnesota are that plaintiff resides here, that Mr. Eldeeb's flight to Paris departed from here, and that Delta, which issued the tickets but not operate the flight, is located here.

"The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." Mizokami Bros. of Ariz., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 717 (8th Cir. 1981) (citations and internal quotation marks omitted). "The defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 598 (8th Cir. 2011) (citations and internal quotation marks omitted).

In assessing whether dismissal on this basis is appropriate, the court must first determine whether an adequate alternative forum is available to hear the case. Reid-Walen v. Hansen, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991). "An alternative forum is available if all parties are amenable to process and come within the jurisdiction of the forum." Id. An alternative forum is considered adequate if "the parties will not be deprived of all remedies or treated unfairly." Id.

If the court determines that an adequate, alternative forum exists it "must then balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution." De Melo v. Lederle Labs., 801 F.2d 1058, 1060 (8th Cir. 1986). A plaintiff's choice of forum, particularly when plaintiff has chosen the home forum, is entitled to substantial deference. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 242, 255 (1981).

### A. Adequate and Available Forum

The most contested aspect of defendants' forum non conveniens argument is whether France is an adequate and available forum. Although plaintiff concedes that France is generally an available forum,[4] she argues that it is not a legally available forum because

---

[4] "[A]n action for damages under the Convention must be brought, at the plaintiff's option, in the territory of one of the States Party to the Convention before a court of the carrier's domicile or the carrier's principal place of business, the place where the contract was made, or the place of destination of the passenger." See Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, Art. 33 (entered into force on Nov. 4, 2003) ("Montreal Convention"), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000). Air France is domiciled and has its principal place of business in France and France was the relevant destination for purposes of this case. See Casati-Ollier Decl. ¶ 18; Am. Compl. ¶¶ 7-12.

the French Supreme Court (Cour de Cassation) has held that French courts lack jurisdiction over Montreal Convention cases that have been dismissed by another court on the basis of forum non conveniens.  The court is unconvinced.  The Cour de Cassation's opinion, as translated, declares "the present lack of availability of the French venue" based on complex facts and procedural circumstances not presented here.  See ECF No. 33 at 50 (emphasis added).  The court did not appear to foreclose French jurisdiction in any and all Montreal Convention cases initially filed in another appropriate fora.

An alternative forum is generally considered to be "available" when the defendant is "amenable to process" there.  Piper, 454 U.S. at 254 n.22.  Defendants here have consented to jurisdiction in France and have agreed to service of process.  As a result, France is an available forum.  Defendants have also provided ample unchallenged facts to establish that the French judicial system is an adequate forum for this dispute, Casati-Ollier Decl. ¶¶ 20-31, 37-39.  The court therefore also finds that the alternative forum is adequate.

**B. Private Factors**

The court next weighs private factors including access to sources of proof, availability of witnesses, and enforceability of the judgment in assessing dismissal under forum non conveniens.  See K-V Pharm., 648 F.3d at 597.  Here, those factors

6

overwhelmingly favor dismissal.  Most if not all of the facts underlying the case occurred in France:  Mr. Eldeeb flew to Paris on Air France and he sustained alleged injuries at Charles de Gaulle airport likely due to the conduct or inaction of ADP and Passerele - neither of which are likely within the jurisdiction or subpoena power of this court.  Under these circumstances, maintaining the case here would not only be inconvenient, it would substantially prejudice defendants.

In contrast, Minnesota bears little relation to this case. None of the facts tethered to Minnesota - plaintiff's state of residence, the flight's departure city, and Delta's place of business - are materially relevant to the claim raised.  Although France would be an inconvenient forum for plaintiff, the other factors substantially outweigh that inconvenience.  Further, plaintiff does not argue that a French judgment would somehow be unenforceable and the court is aware of no impediment in this regard.

### C. Public Factors

Public factors relevant to this matter include judicial economy and the preference of having local controversies decided by local courts.  See Piper, 454 U.S. at 241 n.6.  Here, again, the court finds that these factors favor dismissal.  The parties raise no concerns regarding judicial economy in either this court or in a French court.  With respect to the locality of the controversy,

7

the court finds that France has a greater connection to and investment in the case. As noted, all of the material facts occurred in France and the responsible entities are based in France.

As a result, the court concludes that the relevant factors weigh strongly in favor of dismissal on the basis of forum non conveniens, even affording due deference to plaintiff's choice of forum. See Kahn v. Delta Airlines, Inc., No. 10-2080, 2010 WL 3210717 (E.D.N.Y. Aug. 12, 2010) (dismissing action in favor of Canadian venue under materially similar circumstances). Should the French court conclude that it lacks jurisdiction, however, the court will allow plaintiff to re-file in this court.[5] Because dismissal is appropriate under the principle of forum non conveniens, it will not address the other grounds for dismissal raised by defendants.

---

[5] Defendants have informed the court that they will not oppose jurisdiction in this court under those circumstances and have further agreed to waive any statute of limitations defense in the French court or in this court should the French court decline to exercise jurisdiction.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 19] is granted; and

2. The case is dismissed without prejudice for the reasons stated above.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 7, 2018

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court